# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LAWN AND LEAF, LLC; and <br> (2) WALTER STRONG, <br><br> Plaintiffs, <br><br> v. <br><br> (1) NAUTILUS INSURANCE COMPANY; <br> (2) FRATES INSURANCE AND RISK MANAGEMENT, LLC; and <br> (3) ROBERT MASTERSON, <br><br> Defendants. | Case No.: CIV-18-970-HE <br><br> Oklahoma County District Court <br> Case No.: CJ-2018-4546 |

## NOTICE OF REMOVAL

Defendant, Acrisure, LLC d/b/a Frates Insurance and Risk Management, incorrectly named in Plaintiffs' *Petition* as Frates Insurance and Risk Management, LLC ("Acrisure"), removes this action pending as Case No. CJ-2018-4546 in the District Court of Oklahoma County, Oklahoma, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has jurisdiction because there is complete diversity between the Plaintiffs and Defendants Nautilus Insurance Company ("Nautilus") and Acrisure, and the required jurisdictional amount is met. The citizenship of the other Defendant, Robert Masterson, is immaterial because he was fraudulently joined as will be demonstrated herein.

This case is timely removed as this Notice of Removal is filed within one (1) year of the filing of the State Court action, and within thirty (30) days from the date Acrisure was served.

## I. Background.

Plaintiffs, Lawn and Leaf, LLC and Walter Strong, allege that on or about November 4, 2017, some of Lawn and Leaf's commercial property was stolen from its facility in Oklahoma City, Oklahoma. Plaintiffs allege that at the time of the theft, Lawn and Leaf's business property was covered under a commercial insurance policy issued by Nautilus. The policy contained an exclusion for loss of commercial business property as a result of theft. As a result, Nautilus denied Plaintiffs' claim.

Plaintiffs filed suit against Nautilus and Acrisure (incorrectly named as Frates Insurance and Risk Management, LLC), neither of which are citizens of the State of Oklahoma. Plaintiffs' suit claims that Acrisure is vicariously liable for the alleged fraud and negligent procurement of its agent-employee, Robert Masterson, a citizen of Oklahoma.

As demonstrated herein, Masterson was fraudulently joined because Plaintiffs are unable to establish a viable cause of action against him under Oklahoma law. Acrisure properly and timely removes this case and requests that Masterson be dismissed as fraudulently joined.

## II. Pleadings and Service.

On August 22, 2018, Plaintiffs filed a Petition in the District Court of Oklahoma County, styled *Lawn and Leaf, LLC; and Walter Strong v. Nautilus Insurance Company; Frates Insurance and Risk Management, LLC; and Robert Masterson,* Case No. CJ-2018-4546 ("the State Court action"). A copy of the docket sheet as well as all process,

pleadings, papers and orders served in the State Court action are attached to this Notice of Removal as Exhibits "1" through "8" as required by 28 U.S.C. § 1446(a) and LCvR 81.2.

Acrisure and Masterson were each served with the Summons and Petition on September 4, 2018. Nautilus was served on or about September 5, 2018. Plaintiffs' Petition claims that Acrisure is vicariously liable for the alleged fraud and negligent procurement of Masterson. Plaintiffs also alleges that Nautilus breached its duty of good faith and fair dealing with its insured, Lawn and Leaf.

Acrisure, Masterson, and Nautilus have each filed motions to dismiss the claims alleged against them in Plaintiffs' Petition.[1]

Acrisure and Masterson are represented by the undersigned attorneys. Nautilus is represented by Tom Cooper, attorney with the firm PIGNATO, COOPER, KOLKER & ROBERSON, P.C. Nautilus, through its counsel, consents to this removal and will file a consent to removal.

### III. Basis for Jurisdiction in this Court.

The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a). Removal is proper pursuant to 28 U.S.C. § 1441, et seq.

---

[1] Counsel for Nautilus has confirmed that Nautilus in its motion to dismiss inadvertently and incorrectly identified both Acrisure's and Masterson's motions to dismiss as "partial". Both Acrisure's and Masterson's motions to dismiss seek dismissal of all claims alleged against them in Plaintiff's Petition.

**IV. Citizenship of the Parties.**

    a.    Plaintiff, Lawn and Leaf, LLC, is an Oklahoma limited liability company. Its members are Walter Strong and Tracee Strong, who are both Oklahoma citizens domiciled in Oklahoma. Therefore, the citizenship of Lawn and Leaf, LLC is Oklahoma.

    b.    Plaintiff, Walter Strong, is a citizen and resident of the State of Oklahoma.

    c.    The entity named in Plaintiffs' Petition, Frates Insurance and Risk Management, LLC, is not a legal entity. It is a d/b/a of Acrisure, LLC. Acrisure, LLC is a Michigan limited liability company. Its sole member, Acrisure Intermediate, Inc., is a Delaware corporation with its principal place of business in Michigan. Therefore, Acrisure is a citizen of Michigan and Delaware for purposes of diversity.

    d.    Nautilus Insurance Company's principal place of business is Scottsdale, AZ. Nautilus's state of incorporation is Arizona. Therefore, Nautilus is a citizen of Arizona for purposes of diversity.

    e.    Robert Masterson is a citizen of the State of Oklahoma.

**V. Amount in Controversy.**

Plaintiffs' Petition seeks both actual and punitive damages against each Defendant "in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332". [*Petition* at p.4]. Therefore, the required jurisdictional amount is met for proper removal of this case.

**VI. Notice Given.**

Acrisure has filed a true and correct copy of this Notice of Removal with the Clerk of the District Court of Oklahoma County, Oklahoma.

## VII. <u>Fraudulent Joinder Generally</u>.

"The joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Roe v. Gen. Am. Life Ins. Co.,* 712 F.2d 450, 452 (10 Cir. 1983), citing *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82 (10th Cir. 1964); *Smith v. Allstate Vehicle and Property Insurance Company,* 2014 WL 1382488, *1 (W.D. Okla. April 8, 2014).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleadings of jurisdictional facts, or (2) inability of the Plaintiff to establish a cause of action against the non-diverse party in the state court." *Hyman v. Travelers Home & Marine Insurance Co.,* 2014 WL 111942, *1 (W.D Okla. Jan 10,2014); *Neill v. State Farm Fire & Casualty Co.,* 2014 WL 223455, *2 (W.D Okla. Jan 21, 2014) (same); *Dutcher v. Matheson,* 733 F.3d 780,986 (10th Cir. 2013). With regard to the second option, the removing party "must show that there is no possibility of recovery by the plaintiffs against the instate defendants." *Hyman,* 2014 WL 111942, *1, citing *Monsanto v. Allstate Indemnity,* 2000 WL 525592 at *1 (10th Cir. April 14, 2000); *Neill,* 2014 WL 223455, *2 (same). "Where fraudulent joinder is claimed, courts must 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Smith,* 2014 WL 1382488 at *1, quoting *Dodd v. Fawcett Publ'ns., Inc.,* 329 F.2d 82,85 (10th Cir. 1964) cited in *Nefad v. AstraZeneca Pharms., Inc.,* 203 Fed Appx. 911, 913 (10th Cir. 2006); Hyman, 2014 WL 11942 at *1, quoting *Smoot v. Chicago, R.I.P.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967) cited in *Wagoner v. Hussey Seating Co,* 2013 WL 6048853, at *2. "[F]raudulent joinder is established, and

the denial of remand is appropriate, where the removing defendant establishes 'the non-liability of the [non-diverse defendants] … with complete certainty upon undisputed evidence.'" *Hyman,* 2014 WL 111942 at *1, quoting *Smoot*, 378 F.2d at 882.

## VIII. Masterson is Fraudulently Joined Because There is No Possibility of Recovery by Plaintiffs Against Masterson.

Plaintiffs allege that on or about November 4, 2017, Lawn and Leaf's commercial property was stolen from its facility in Oklahoma City, Oklahoma. Plaintiffs allege that at the time of the theft, Lawn and Leaf's business property was covered under a commercial insurance policy issued by Nautilus. The policy contained an exclusion for loss of commercial business property as a result of theft. As a result, Nautilus denied Plaintiffs' claim.

Plaintiffs filed suit against Nautilus alleging it breached its duty of good faith and fair dealing with its insured. Plaintiffs filed suit against Acrisure (incorrectly named as Frates Insurance and Risk Management, LLC) claiming that it is vicariously liable for the alleged fraud and negligent procurement of its agent-employee, Robert Masterson. Plaintiffs claim Masterson is liable for negligent procurement because:

> In his dealings with plaintiffs, defendant Masterson knew that plaintiffs had suffered a theft loss of some of the commercial business property in April 2017, and that this loss was covered by the Nationwide insurance policy defendant Masterson had previously sold to plaintiffs. Defendant Masterson also knew that the primary purpose for plaintiffs to obtain and keep insurance in force and effect was to provide coverage for the commercial business property and to protect such property from loss, including another theft loss.

[*Petition* at ¶6]. In essence, Plaintiffs claim that Masterson was negligent in procuring the policy because he should have known that Plaintiffs wanted to be covered for loss as a result of theft.

Under Oklahoma law,[2] Masterson has no duty to procure coverage that he was not specifically requested to procure and which he did not promise to procure. A customer's request for "adequate protection" or "full coverage" is not sufficient to create a duty and an insurance agent has no duty to determine a customer's insurance needs. Masterson had no duty to anticipate and provide for the insurance needs of Lawn and Leaf, regardless of their business history or Masterson's knowledge of Lawn and Leaf's previous coverage. Because Masterson cannot breach a duty he does not have, he cannot be negligent in procuring the policy.

Additionally, Plaintiffs claim that Masterson is liable for fraud. Masterson cannot be liable for fraud for the same reason he cannot be liable for negligent procurement; he did not represent that he would procure theft coverage for Plaintiffs, because he was never asked to procure such coverage in the first place. Fraud requires a false representation. Because Masterson never represented that he would procure theft coverage for Plaintiffs, he cannot be liable for fraud. Moreover, Masterson has no duty to determine his customer's insurance needs and cannot have committed fraud by failing to advise his customer that coverage which had never been requested had not been procured. In other words, Masterson cannot have fraudulently failed to inform his customer that

---

[2] "Oklahoma substantive law applies in [a] diversity case." *Beck v. Worldwide Readers Serv.*, 2008 U.S. Dist. LEXIS 51202, *2 (W.D Okla. Jul. 3, 2008).

theft coverage was excluded, when theft coverage had not been requested. Finally, Plaintiffs have failed to plead their fraud claim with particularity as they do not state the time, place or content of Masterson's alleged fraudulent statement(s) as required by Oklahoma law. The reason they do not is because they cannot for the reasons explained above.

For these reasons, as discussed more fully below, Plaintiffs have failed to state and cannot establish a viable cause of action against Masterson. Masterson was fraudulently joined to this lawsuit, and therefore there is complete diversity of citizenship between the parties so that this case may be properly removed to this Court's jurisdiction.

A) <u>Plaintiffs Cannot Recover on Their Negligence Claim Against Masterson</u>.

It is clear from Plaintiffs' Petition that Plaintiffs allege Masterson should have known that Lawn and Leaf needed and wanted theft coverage. However, an insurance agent can only be liable for negligent procurement "if, by the agent's fault, insurance is not procured *as promised*." *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶13 (emphasis added). (See also *Rotan v. Farmers Ins. Group of Cos.*, 2004 OK CIV APP 11, ¶3, "[I]nsurance agents need only offer coverage mandated by law and coverage for needs *that are disclosed by the insureds*, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'"). Plaintiffs claim Masterson was negligent because he knew they had suffered a theft loss in the past that was covered by a policy he procured, and he knew that Plaintiffs' purpose for insurance was to protect Lawn and Leaf's property from loss, including theft. Nowhere in Plaintiffs' Petition do they allege they specifically requested that Masterson provide coverage for theft on the policy at

8

issue or that Masterson promised to do so. Of course, Masterson never "promised" to provide such coverage because he would not have promised to do something that was not requested of him.

Additionally, the fact that Masterson had procured theft coverage for Lawn and Leaf in the past has no bearing on whether he has a duty to procure the same coverage in the future. See *Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78, ¶13; "There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, **or to an established customer with respect to procurement of an additional policy**." (emphasis added)). Plaintiffs cannot defeat Acrisure's removal of this case by arguing in a motion to remand that he "knew" or "should have known" to procure theft coverage based on his history of procuring such coverage for Lawn and Leaf or that Lawn and Leaf had a prior theft claim.

Plaintiffs assume a duty that does not exist. Masterson had no duty to determine Lawn and Leaf's insurance needs and procure insurance consistent with such a determination. Masterson's duty was to procure coverage as requested. Masterson did not promise to provide Lawn and Leaf with coverage for a loss due to theft because Plaintiff never requested that he do so. Neither a specific request for theft coverage nor a promise to obtain theft coverage is pled by Plaintiffs in their Petition. Masterson cannot breach a duty he does not have, and therefore cannot be liable for negligent procurement.

B) <u>Plaintiffs Cannot Recover on Their Fraud Claim Against Masterson</u>.

Masterson cannot be liable for fraud for the same reason he cannot be liable for negligent procurement; he did not represent that he would procure theft coverage for

9

Plaintiffs, because he was never asked to procure such coverage in the first place. Masterson has no duty to determine his customer's insurance needs and cannot have committed fraud by failing to advise his customer that coverage which had never been requested had not been procured. In other words, Masterson cannot have fraudulently failed to inform his customer that theft coverage was excluded, when theft coverage had not been requested.

Moreover, a fraud claim requires a material false **representation** with the intention that it be acted upon and relied upon by another to his injury. *Hall v. Edge*, 1989 OK 143, ¶11. Masterson never represented to Plaintiffs that he would procure theft coverage, because he was never asked to do so. A representation is a prerequisite to the existence of a fraud claim. Because Masterson did not make a representation, he cannot be liable for fraud.

Additionally, Plaintiffs have failed to plead their fraud claim with the requisite particularity. Under Oklahoma law, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." 12 O.S. § 2009(B). The heightened pleading requirement of Section 2009(B) "extends to all averments of fraud, regardless of the theory of legal duty." *Gay v. Akin*, 1988 OK 150, ¶8. Failure to plead fraud with the requisite particularity warrants dismissal of Plaintiffs' Petition for failure to state a claim under 12 O.S. § 2012(B)(6). *Gianfillippo v. Northland Cas. Co.*, 1993 OK 125, ¶13.

To satisfy the requirements of Section 2009(B), a party must do more than make a general allegation of fraud, as Plaintiffs do in their Petition. Rather, a party must "specify

10

the time, place, and content of the alleged false representations." *Id.* Nowhere in Plaintiffs' Petition do they attempt to identify the time, place, and content of the alleged false representations. Such "conclusory allegations that a defendant's conduct was fraudulent and deceptive" are wholly insufficient to satisfy the heightened pleading requirements for fraud claims, and thus requires dismissal. *Commercial Property Inv., Inc. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir. 1995). Plaintiffs failed to satisfy the heightened pleading requirements applicable to their claim of fraud.

Plaintiffs have failed to state and cannot establish a viable cause of action against Masterson under Oklahoma law. Therefore, Masterson was fraudulently joined to this lawsuit. There is complete diversity of citizenship between the parties so that this case may be properly removed to this Court's jurisdiction.

## IX. <u>Removal is Timely</u>.

Plaintiffs filed this action on August 22, 2018. Acrisure and Masterson were each served with the Summons and Petition on September 4, 2018. This Notice of Removal has been filed within one (1) year of the filing of Plaintiffs' Petition and within thirty (30) days from the date Acrisure was served with the papers from which it could first ascertained that the case had become removable. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(3).

## X. <u>Rule 11</u>.

Pursuant to 28 U.S.C. § 1446 (b)(3), Acrisure acknowledges that this Notice of Removal is signed and filed pursuant to Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE.

Wherefore, Acrisure, LLC d/b/a Frates Insurance & Risk Management, requests this Notice of Removal be accepted by this Court, and that the lawsuit proceed as an action properly removed to this Court's jurisdiction, together with such other relief the Court deems just and equitable.

Respectfully submitted,

*s/C. William Threlkeld*
C. William Threlkeld, OBA #9005
Sterling E. Pratt, OBA #22276
James B. Wilcoxen, OBA #32144
**FENTON, FENTON, SMITH, RENEAU & MOON**
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK  73102
Telephone: 405.235.4671
Facsimile: 405.235.5247
cwthrelkeld@fentonlaw.com
sepratt@fentonlaw.com
jbwilcoxen@fentonlaw.com

*ATTORNEYS FOR DEFENDANTS,*
*ACRISURE, LLC D/B/A FRATES INSURANCE AND*
*RISK MANAGEMENT AND ROBERT MASTERSON*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Deeann L. Germany | Tom Cooper |
| James A. Scimica | |
| | *ATTORNEY FOR DEFENDANT, NAUTILUS INSURANCE COMPANY* |
| *ATTORNEYS FOR PLAINTIFF* | |

*s/C. William Threlkeld*
C. William Threlkeld