

CJ-18-4546
prince

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG 2 2 2018

RICK WARREN
COURT CLERK
41

| | |
|---|---|
| LAWN AND LEAF, LLC; and WALTER STRONG, <br>     Plaintiffs, <br><br> vs. <br><br> NAUTILUS INSURANCE COMPANY; FRATES INSURANCE AND RISK MANAGEMENT, LLC; and ROBERT MASTERSON, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) **CJ-2018-4546** <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION

Plaintiff alleges:

1. Plaintiff Lawn and Leaf, LLC, is an Oklahoma limited liability company. Plaintiff Walter Strong is a member and manager of the plaintiff LLC, and his claims arise with respect to the conduct of Lawn and Leaf's business and with respect to his duties as Lawn and Leaf's manager.

2. At all times relevant to this action, Lawn and Leaf's business property was covered under a commercial insurance policy issued by defendant Nautilus Insurance.

3. On or about November 4, 2017, while plaintiff's coverage with defendant Nautilus Insurance was in full force and effect, Lawn and Leaf's commercial property was stolen from its facility in Oklahoma County, Oklahoma.

4. Plaintiff purchased the subject insurance policy through defendant Bob Masterson, who was at all relevant times acting in the course and scope of his employment with defendant Frates Insurance and Risk Management in Oklahoma County, Oklahoma. Defendant Frates is therefore vicariously liable for the conduct of defendant Masterson.

1

EXHIBIT 2

5. Defendant Masterson is a licensed insurance producer and is, along with his immediate employer, defendant Frates, deemed to be the agent of the insurer, defendant Nautilus Insurance. Defendant Nautilus Insurance is therefore vicariously liable for the conduct of defendants Masterson and Frates.

6. In his dealings with plaintiffs, defendant Masterson knew that plaintiffs had suffered a theft loss of some of the commercial business property in April 2017, and that this loss was covered by the Nationwide insurance policy defendant Masterson had previously sold to plaintiffs. Defendant Masterson also knew that the primary purpose for plaintiffs to obtain and keep insurance in force and effect was to provide coverage for the commercial business property and to protect such property from loss, including another theft loss. Despite his knowledge of plaintiffs' specific needs and requests, defendant Masterson negligently acquired the policy from defendant Nautilus Insurance that purportedly contains an exclusion for loss of commercial business property by theft.

7. At no time prior to the issuance of the Nautilus policy obtained by defendant Masterson did defendant Masterson or defendant Frates advise plaintiffs that the Nautilus policy did not provide coverage for property loss from theft.

8. The representations and omissions made by defendants Masterson and Frates amount to fraud, actual or constructive, and were relied upon by plaintiffs to their detriment.

9. Defendants Masterson and Frates negligently failed to provide plaintiffs with the insurance coverage plaintiffs requested.

10. The conduct of defendants Masterson and Frates was intentional, willful, malicious and/or in reckless disregard for the rights of the plaintiffs. Therefore, plaintiffs are

entitled to recover punitive damages to punish these defendants and to deter them and others similarly situated from engaging in similar conduct in the future.

11. As a direct and proximate result of the conduct of defendants Masterson and Frates, plaintiffs have suffered actual damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, including the value of the stolen equipment, foreseeable lost profits, and other damages for fraud such as plaintiff Strong's emotional distress.

12. Despite defendant Nautilus Insurance's knowledge of the negligence and fraudulent conduct of its agents, Masterson and Frates, defendant Nautilus Insurance unreasonably and without justification denied plaintiffs claim for the value of the property under the policy that Nautilus Insurance's agents were asked to provide.

13. In failing to pay plaintiffs for the value of the property under the policy that Nautilus Insurance's agents were asked to provide, defendant Nautilus Insurance breached the duty of good faith and fair dealing that it owes to its insureds.

14. As a direct and proximate result of the unreasonable conduct of defendant and breach of the duty of good faith and fair dealing, plaintiffs have suffered actual damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, including the value of the stolen equipment, financial losses, financial embarrassment and loss of reputation and emotional distress.

15. The conduct of defendant Nautilus Insurance was intentional, willful, malicious and/or in reckless disregard for the rights of the plaintiffs. Therefore, plaintiffs are entitled to recover punitive damages to punish Nautilus Insurance and to deter Nautilus Insurance and other insurers from engaging in similar conduct in the future.

WHEREFORE, plaintiffs Lawn and Leaf, LLC, and Walter Strong pray for judgment against the defendants, and each of them, for

    (a)    actual damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332;

    (b)    punitive damages in an amount sufficient to punish these defendants and to deter these defendants and others similarly situated from similar future conduct, but in any event in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332;

    (c)    prejudgment interest and costs;

    (d)    any other relief to which plaintiff may be entitled;

In addition, plaintiffs pray for judgment against defendant Nautilus Insurance Company for

    (a)    actual damages for breach of the duty of good faith and fair dealing in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332;

    (b)    punitive damages in an amount sufficient to punish defendant Nautilus Insurance and to deter defendant Nautilus and other insurers from similar future conduct, but in any event in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332;

    (d)    prejudgment interest and costs;

    (e)    any other relief to which plaintiffs may be entitled.

_____
DEEANN L. GERMANY, OBA # 17750
JAMES A. SCIMECA, OBA # 10950
BURCH, GEORGE & GERMANY
1500 City Place Building
204 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: 405-239-7711
Fax: 405-239-7795
deeanngermany@burch-george.com
jscimeca@burch-george.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**