# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWN AND LEAF, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. CIV-18-0970-HE |
| ) | |
| NAUTILUS INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs filed this action in the District Court of Oklahoma County, essentially alleging that defendants, through negligence or fraud, procured an inadequate commercial insurance policy for plaintiffs. Defendant Acrisure, LLC removed the action to this court on the basis of diversity jurisdiction, contending that nominal defendant Frates Insurance and Risk Management is only a d/b/a for it (Acrisure) and that Acrisure is not an Oklahoma citizen. It further contends that defendant Robert Masterson, though a citizen of Oklahoma, is fraudulently joined and his citizenship should be disregarded.

Plaintiffs have moved to remand the case to state court. Defendants have filed motions to dismiss the amended complaint. Because the motion to remand goes to the jurisdiction of this court, it must be resolved first. *See* Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998).

In determining whether complete diversity exists in the removal context, a court will ignore the citizenship of any defendant who is fraudulently joined. Smoot v. Chicago,

Rock Island & Pacific R.R. Co., 378 F.2d 879, 881-82 (10th Cir. 1967).  To establish fraudulent joinder:

> . . . the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (quotations and citations omitted).  "But neither is the court compelled to believe whatever the plaintiff says in his complaint.  Rather, 'upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'"  Brazell v. Waite, 525 Fed. Appx. 878, 881 (10th Cir. 2013) (quoting Smoot, 378 F.2d at 881-82).

Defendant Acrisure's fraudulent joinder argument is premised on the second question referenced in Dutcher — whether plaintiff would be able to establish a claim against defendant Masterson in state court.  While acknowledging that an insurance agent in Oklahoma may be liable for negligent procurement if the agent fails to procure insurance as promised,[1] Acrisure argues that no such liability can be established here because Masterson procured a replacement commercial insurance policy of some sort for plaintiffs, notwithstanding its exclusion of coverage for theft of business property.

---

[1] See *Rotan v. Farmers Ins. Group of Cos., Inc.* 83 P.3d 894, 895 (Okla. Civ. App. 2003) *(An agent has the duty to "offer coverage mandated by law and coverage for needs that are disclosed by the insureds.")*

2

Drawing the inferences from the pleadings and circumstances in plaintiff's favor, as the court is obliged to do in this context, the court concludes defendants have not shown that plaintiff will necessarily be unable to prevail against Masterson. Plaintiffs have alleged they had a specific need for and interest in theft protection and that, based on recent dealings with prior policies, Masterson knew that. It is not obviously implausible that a request for a replacement policy might, in these circumstances, be interpreted as expecting and requesting theft coverage. Plaintiffs may therefore be able to establish a claim for negligent procurement against Masterson.

The court concludes that defendants have failed to demonstrate that Masterson was fraudulently joined in the circumstances existing here, and that complete diversity of the parties is therefore not present. Because complete diversity is lacking, jurisdiction in this court does not exist. Plaintiffs' Motion to Remand [Doc. # 27] is **GRANTED**, and this case is **REMANDED** to the District Court of Oklahoma County.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE